# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| NORTH PORT FIREFIGHTERS' PENSION-LOCAL OPTION PLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FUSHI COPPERWELD, INC., LI FU, JOSEPH J. LONGEVER, CRAIG H. STUDWELL, WENBING CHRISTOPHER WANG, and BEIHONG LINDA ZHANG,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**No. 3:11-cv-00595**

CLASS ACTION

Judges Haynes/Bryant

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FUSHI COPPERWELD INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF CO-LEAD AND LIAISON COUNSEL

Richard C. Smith, Robert Wiener, and Marcin Norton (collectively, "Fushi Copperweld Investor Group") respectfully submit this memorandum of points and authorities in support of their Motion for: (i) appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§ 78u-4(a)(3)(B); and (ii) approval of its selection of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") and Pomerantz Haudek Grossman & Gross LLP ("Pomerantz") as co-lead counsel and Bramlett Law Offices ("Bramlett") as liaison counsel.

## I. PRELIMINARY STATEMENT

Presently pending in this district is the above captioned securities class action lawsuit (the "Action") brought on behalf of purchasers of Fushi Copperweld, Inc. ("Fushi Copperweld" or the "Company") securities between August 14, 2007 and May 4, 2011 (the "Class Period").[1] The Actions against Fushi Copperweld and certain of its officers and directors allege violations Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC").

Fushi Copperweld Investor Group should be selected as lead plaintiff because, to the best of its knowledge, it has the largest financial interest in the relief sought by the class, with losses of approximately $42,115 in connection with its Class Period transactions in Fushi Copperweld securities. *See* Declaration of Robert N. Kaplan, dated July 5, 2011, ("Kaplan Decl."), Exhibits A-B.

---

[1] Additionally, at least two related securities lawsuits against Fushi Copperweld have been filed in the Southern District of New York, captioned *Levy v. Fushi Copperweld, Inc.*, 1:11-cv-03104-PGG (S.D.N.Y.) (filed May 6, 2011) and *Wiener v. Fushi Copperweld, Inc.*, 1:11-cv-03772-PGG (S.D.N.Y.) (filed June 2, 2011). Fushi Copperweld Investor Group is also moving for appointment as lead plaintiff in the *Levy* and *Wiener* actions. The *Levy* and *Wiener* action assert a class period of August 14, 2007 through March 29, 2011. For purposes of calculating losses under the PSLRA, the Fushi Copperweld Investor Group analyzed it losses under the longer class period alleged in this Action.

1

As the movant with the largest financial interest that otherwise meets the applicable requirements of Rule 23 of the Federal Rules of Procedure ("Rule 23"), Fushi Copperweld Investor Group believes it is entitled to appointment as lead plaintiff. Further, Fushi Copperweld Investor Group respectfully requests the Court approve its selection of co-lead counsel, Kaplan Fox and Pomerantz and Bramlett as Liaison Counsel. *See* § III.C, *infra*; *Kaplan v. Gelfond*, 240 F.R.D. 88, 96 (S.D.N.Y. 2007) ("the PSLRA directs the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval") (citing 15 U.S.C. § 78u-4(a)(3)(B)(v)).

## II.  FACTUAL BACKGROUND

Fushi Copperweld purports to be a supplier of innovative, superior quality copper-clad aluminum and steel wire.[2]  The Company designs, develops, manufactures, markets, and distributes its products in electrical, telecommunications, transportation, utilities and industrial applications around the world.  Fushi Copperweld is a Nevada corporation with principal executive offices in Beijing, People's Republic of China.  Throughout the Class Period, the Company's common stock was actively traded on the Nasdaq under the ticker "FSIN."

During the Class Period, which begins on August 14, 2007, Fushi Copperweld reported positive financial results, but failed to accurately report net income, often inflating this figure materially throughout the Class Period.  The defendants failed to disclose the following adverse facts, which were known to defendants or recklessly disregarded by them: (1) that the Company was improperly applying hedge accounting to a cross currency interest swap derivative entered into April 2007 (the "April 2007 SWAP"); (2) that the Company failed to recognize changes in the fair value of the April 2007 SWAP in its earnings during the Class Period, thus inflating its

---

[2] The basis for the facts set forth in this section are the allegations in *Levy v. Fushi Copperweld*, 1:11-cv-03104-PGG (S.D.N.Y.)

reported net income by material amounts; (3) that the Company incorrectly recorded $3.3 million and $1.8 million of gain on bargain purchases resulting from two acquisitions in February and May 2010; (4) as a result of incorrectly recording such gains, the Company overstated its net income for the quarters ended March 31, 2010 and June 30, 2010; (5) that the Company had material deficiencies in its internal controls over its financial reporting; (6) that Fushi Copperweld's financial statements were not fairly presented in conformity with generally accepted accounting principles ("GAAP") and were materially false and misleading; and (7) based on the foregoing, defendants lacked a basis for their positive statements about the Company, its prospects and growth. As a result of the Company's false and misleading statements, Fushi stock traded at artificially inflated prices during the Class Period, reaching a high of $27.00 per share in December 2007.

On March 11, 2011, after the close of trading, Fushi Copperweld issued a press release announcing its reevaluation of the application of GAAP in certain accounting treatments applied to its 2007, 2008, and 2009 financial results and its previously filed quarterly financial statements for the first three quarters of 2010. The Company disclosed that "the accounting treatments are related to the ability to realize deferred income tax assets, qualification of cash flow hedge for cross-currency interest swap, and bargain purchase gains recognized in 2010 acquisitions."

On March 14, 2011, the first trading day following these disclosures, the price of Fushi Copperweld's common stock declined by $0.74 per share, nearly 8%, to close at $8.68 per share on heavier than usual volume. Over the next two days, the Company's common stock price continued to decline by an additional $0.94 per share, or 10.8%, to close at $7.74 per share on March 16, 2011.

3

On March 29, 2011, after the market closed, Fushi Copperweld further disclosed in a Form 8-K filing that its Audit Committee had concluded that the Company's previously issued financial statements for the years ended December 31, 2009, 2008 and 2007 and its unaudited interim financial statements for the quarters ended March 31, 2010, June 30, 2010 and September 30, 2010 should be restated and should no longer be relied upon. The Company claimed this was due to two errors in the application of GAAP regarding (1) the accounting for cross currency interest swap derivative and (2) the acquisitions of Dalian Jinchuan Electric Cable Co., Ltd. and Shanghai Hongtai Industrial Co., Ltd.

As a result of these further disclosures, on March 30, 2011, Fushi Copperweld's common stock dropped by $0.19 per share, or 2.3%, to close at $8.12 per share on heavier than usual volume.

An analyst report on March 30, 2011 discussed Fushi Copperweld's accounting errors, stating in part that the restatements were "material to earnings."

On April 4, 2011, after the markets closed, Fushi Copperweld filed the following with the SEC: (1) an Annual Report on Form 10-K/A for the period ending December 31, 2009, which included the restatement of certain financial figures for the years ending December 31, 2009, December 31, 2008, and December 31, 2007; and (2) three Quarterly Reports on Forms 10-Q/A for the quarterly periods ending March 31, 2010, June 30, 2010, and September 30, 2010 restating certain financial figures during those quarters.

## III. ARGUMENT

### A. The PSLRA's Lead Plaintiff Provisions

The PSLRA establishes the procedures for selecting a lead plaintiff in class action lawsuits alleging violations under the federal securities laws. *See* 15 U.S.C. § 78u-4(a).

First, the plaintiff who files the initial action must publish a notice within twenty days of filing, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).

Second, within sixty days of the publication of notice, any person who is a member of the proposed class may apply to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

Third, the PSLRA provides that within ninety days after publication of notice, courts shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice…;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Kaplan*, 240 F.R.D. at 92; *Janbay v. Canadian Solar, Inc.,* 272 F.R.D. 112, 118-19 (S.D.N.Y. 2010) (appointing group of investors lead plaintiff).

Here, *Levy v. Fushi Copperweld, Inc., et al.*, 11-cv-03104-PGG (S.D.N.Y.), was filed on May 6, 2011. Notice of the *Levy* action was published on *Market Wire* on May 6, 2011. *See* Kaplan Decl. Ex. C. Thus, the time period in which class members may move to be appointed lead plaintiff in this case expires on July 5, 2011. *See* 15 U.S.C. § 78u-4(a)(3)(A). Pursuant to

5

the PSLRA's provisions, and within the requisite time frame after publication of the required notice, Fushi Copperweld Investor Group timely moves this Court to be appointed lead plaintiff on behalf of all members of the class. *See Kaplan*, 240 F.R.D. at 92. In addition, Fushi Copperweld Investor Group has selected and retained counsel experienced in the prosecution of securities class actions to represent the class. *See* Kaplan Decl., Exs. D-F. Accordingly, Fushi Copperweld Investor Group satisfies the PSLRA's filing requirements for seeking appointment as lead plaintiff.

### B. Fushi Copperweld Investor Group is the "Most Adequate Plaintiff"

#### 1. Fushi Copperweld Investor Group has the Largest Financial Interest in the Relief Sought by the Class

Fushi Copperweld Investor Group suffered losses of approximately $42,115 in connection with its Class Period transactions in Fushi Copperweld securities. *See* Kaplan Decl., Ex. B. To the best of its knowledge, Fushi Copperweld Investor Group's loss represents the largest financial interest in the relief sought by the class. *See Kaplan*, 240 F.R.D. at 93-94. *See also In re Am. Serv. Group, Inc. et al.,* 2006 U.S. Dist. LEXIS 61779, at \*10 (M.D. Tenn. Aug. 28, 2006).

#### 2. Fushi Copperweld Investor Group Satisfies Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the

6

claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Although Rule 23 consists of four requirements, at this stage of the litigation, a movant "need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." *In re Espeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *see also Shi v. SINA Corp.*, 05-cv-2154, 2005 U.S. Dist. LEXIS 13176, at *7-8 (S.D.N.Y. July 1, 2005) ("At this stage, only a preliminary showing of typicality and adequacy is required.").

### a. **Fushi Copperweld Investor Group is Typical**

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. "Typicality is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise." *Espeed*, 232 F.R.D. at 102 (citation omitted). *See In re Am. Med. Sys.,* 75 F.3d 1069, 1082 (6th Cir. 1996).

Here, Fushi Copperweld Investor Group is typical because, just like all other class members asserting claims under the Exchange Act, it: (1) the members of Fushi Copperweld Investor Group purchased Fushi Copperweld securities during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when corrective disclosures removed the inflation caused by the defendants' conduct causing the price of Fushi Copperweld's securities to fall. *See Reimer v. Ambac Fin. Group, Inc.*, 08-cv-0411, 2008 U.S. Dist. LEXIS 38729, at *12 (S.D.N.Y. May 9, 2008). Thus, Fushi Copperweld Investor Group's claims are typical of other class members' claims because their claims arise out of the same course of events and predicated on identical theories of liability and damages. *See id.*

7

### b. Fushi Copperweld Investor Group is Adequate

The adequacy requirement of Rule 23(a)(4) is met if the representative party makes a showing that it will "fairly and adequately protect the interests of the class." Specifically, the adequacy requirement is fulfilled when: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Kaplan*, 240 F.R.D. at 94; *see also Shi*, 2005 U.S. Dist. LEXIS 13176, at *9.

Here, Fushi Copperweld Investor Group is adequate to represent the class. Fushi Copperweld Investor Group's interests are aligned with the interests of the class as both suffered losses from the revelation of defendants' false and misleading statements and material omissions. Each member of Fushi Copperweld Investor Group signed certifications stating that each is willing to serve as a representative of the class, including providing testimony at a deposition or trial (Kaplan Decl., Ex. A) and Fushi Copperweld Investor Group agreed to file this motion jointly. Finally, as shown below, Fushi Copperweld Investor Group's proposed co-lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Fushi Copperweld Investor Group has made a *prima facie* showing of typicality and adequacy.

### C. The Court Should Approve Fushi Copperweld Investor Group's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Kaplan*, 240 F.R.D. at 96. The Court should not disturb lead plaintiff's choice of counsel unless it is necessary to "protect the

8

interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Because Fushi Copperweld Investor Group has selected and retained counsel experienced in litigating securities fraud class actions with the resources to prosecute this action to the greatest recovery possible for the class, its choice of co-lead counsel should be approved.

Fushi Copperweld Investor Group has selected Kaplan Fox and Pomerantz as co-lead counsel and Bramlett as liaison counsel for the class. Kaplan Fox is a leading national law firm that specializes in securities and antitrust litigation. *See* Kaplan Decl., Ex D. Similarly, Pomerantz specializes in prosecuting complex class action litigation. *See* Kaplan Decl., Ex. E. Both firms also have experience jointly prosecuting actions as both are currently serving as co-lead counsel in class actions. Bramlett also specializes in complex class litigation. *See* Kaplan Decl., Ex F.

Thus, the Court may be assured that in the event this motion is granted, the members of the class will receive the highest caliber of legal representation available from these firms. The firms are highly qualified and will zealously represent the class's interests.

## IV. CONCLUSION

For the foregoing reasons, Fushi Copperweld Investor Group respectfully requests that the Court: (i) appoint Fushi Copperweld Investor Group as lead plaintiff pursuant to the PSLRA; and (ii) approve its selection of Kaplan Fox and Pomerantz to serve as co-lead counsel and Bramlett as liaison counsel for the class.

Dated:  July 5, 2011

Respectfully submitted,

BRAMLETT LAW OFFICES
PAUL K. BRAMLETT #7387

By: /s/ PAUL KENT BRAMLETT
PAUL KENT BRAMLETT #7387
ROBERT PRESTON BRAMLETT #25895
2400 Crestmoor Road
P.O. Box 150734
Nashville, TN 37215-0734
Telephone: 615-248-2828
Facsimile: 866-816-4116
PKNASHLAW@AOL.COM
Robert@bramlettlawoffices.com

KAPLAN FOX & KILSHEIMER LLP
Robert N. Kaplan
Jeffrey P. Campisi
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

POMERANTZ HAUDEK
GROSSMAN & GROSS LLP
Marc I. Gross
Jeremy A. Lieberman
100 Park Avenue
New York, NY 10017
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

Patrick V. Dahlstrom
One North La Salle Street, Suite 2225
Chicago, IL 60602
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

*Counsel for Fushi Copperweld Investor Group
and Proposed Co-Lead and Liaison Counsel*

10

## CERTIFICATE OF SERVICE

This is to certify that I have filed the above and foregoing *Memorandum of Points and Authorities* on the Court's CM/ECF electronic filing system, and that by virtue of this filing, all attorneys of record will be served electronically with true and exact copies of this filing, as follows:

George Edward Barrett
David W. Garrison
Douglas S. Johnston, Jr.
BARRETT JOHNSTON, LLC
217 Second Avenue North
Nashville, TN 37201

Pedro A. Herrera
Robert Sugarman
SUGARMAN & SUSKIND
100 Miracle Mile, Suite 300
Coral Gables, FL 33134

Darren J. Robbins
Danielle S. Myers
David C. Walton
ROBBINS GELLER RUDMAN & DOWD LLP
655 W. Broadway, Suite 1900
San Diego, CA 92101

Samuel H. Rudman
ROBBINS GELLER RUDMAN & DOWD LLP
58 S. Service Road, Suite 200
Melville, NY 11747

SO CERTIFIED this 5th day of JULY, 2011.

s/*Paul Kent Bramlett*
PAUL KENT BRAMLETT

11