UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| NORTH PORT FIREFIGHTERS' PENSION-LOCAL OPTION PLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FUSHI COPPERWELD, INC., et al.,<br><br>Defendants. | Civil Action No. 3:11-cv-00595<br><br>Honorable William J. Haynes, Jr.<br>Magistrate Judge John S. Bryant<br><br><u>CLASS ACTION</u> |

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing on May 12, 2014 (the "Settlement Hearing"), pursuant to the Order Preliminarily Approving Settlement and Providing for Notice dated September 4, 2013 ("Order"), on the application of the parties for approval of the Stipulation of Settlement dated August 29, 2013 (the "Stipulation"). Whereas, the Court has considered all matters submitted to it at the Settlement Hearing and otherwise and the entire matter of the Settlement; it appears that a Notice of Pendency and Proposed Settlement of Class Action ("Notice"), substantially in the form approved by the Court, was mailed to all Class Members (as defined below); a Summary Notice of the Settlement, substantially in the form approved by the Court, was published as directed by the Court in the Order; the Settling Parties have appeared by their attorneys of record; the attorneys for the Settling Parties have been heard in support of the Settlement; and an opportunity to be heard was given to all other persons desiring to be heard as provided in the Notice; IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Class Members.

3. In accordance with Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and for settlement purposes only, a class (the "Class") is hereby certified as follows: all Persons who purchased or otherwise acquired Fushi common stock between August 14, 2007 and May 4, 2011, inclusive. Excluded from the Class are Defendants, the officers and directors of Fushi during the Class Period, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has or had a controlling interest. Also excluded from the Class are those persons who timely and validly requested exclusion from the Class pursuant to the Notice sent to potential Class Members or whom the Court otherwise allows to be excluded.

4. With respect to the Class, this Court finds that, for settlement purposes only, the prerequisites under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of members of the Class is so numerous that joinder of all Class Members is impracticable; (b) there are questions of law and fact common to the Class Members which predominate over any questions affecting only individual Class Members; (c) the claims of Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and Lead Plaintiff's counsel have represented, and will fairly and adequately represent, the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for settlement purposes only, the Court certifies City of Lakeland Employees Pension Plan as class representative for the Class. Robbins Geller Rudman & Dowd LLP is hereby appointed as Lead Counsel for the Class.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class.

7. The Court finds that the Stipulation and the Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and that the Stipulation and the Settlement are hereby finally approved in all respects.

8. Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Court hereby dismisses with prejudice and without costs (except as otherwise provided in the Stipulation) the Litigation against the Released Persons.

9. Upon the Effective Date, the Lead Plaintiff, each and all of the Class Members, and Plaintiffs' Counsel shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against any Released Persons, and shall forever be enjoined from prosecuting the Released Claims, regardless of whether such Class Member executes and delivers a Proof of Claim and Release. The Settling Parties acknowledge, and the Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights, and benefits of §1542 of the California Civil Code, and any provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

10. Upon the Effective Date, the Lead Plaintiff, each and all of the Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration, tribunal, administrative forum, or other forum of any kind, asserting against any of the Released Persons, and each of them, any of the Released Claims.

11. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members, and Plaintiffs' Counsel from all Settled Defendants' Claims, and shall forever be enjoined from prosecuting such claims.

12. In accordance with the PSLRA, as codified at 15 U.S.C. §78u-4(f)(7)(A), any and all claims for contribution arising out of any Released Claims (a) by any person or entity against any of the Released Persons, and (b) by any of the Released Persons against any person or entity, other than

936677_1

as set out in 15 U.S.C. §78u-4(f)(7)(A)(ii), are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable. Accordingly, without limitation to any of the above, (a) any person or entity is hereby permanently enjoined from commencing, prosecuting, or asserting against any of the Released Persons any such claim for contribution, and (b) the Released Persons are hereby permanently enjoined from commencing, prosecuting, or asserting against any person or entity any such claim for contribution. In accordance with 15 U.S.C. §78u-4(f)(7)(B), any final verdict or judgment that might be obtained by or on behalf of the Class or a Class Member against any person or entity based upon or arising out of any Released Claim for which such person or entity and any Released Persons are found to be jointly liable shall be reduced by the greater of (a) an amount that corresponds to the percentage of responsibility of any such Released Person for common damages or (b) the amount paid to the Class by or on behalf of each such Released Person for common damages.

13. The Notice provided to the Class was the best notice practicable under the circumstances, including the individual notice to all Class Members who could be identified through reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended, including by the Private Securities Litigation Reform Act of 1995, 28 U.S.C. §1715, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

14. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Order and Final Judgment and shall be considered separate from this Order and Final Judgment.

15. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, including Defendants' execution of the Stipulation constitutes an admission by any Defendant: (i) of any wrongdoing, violation of law, or liability whatsoever; or (ii) that recovery could be had in any amount should the action not be settled. Defendants vigorously deny any wrongdoing and liability and maintain that their conduct at all times was legal and proper. Neither the Stipulation, nor any term thereof, may be offered or received into evidence in any proceeding or used in any manner as an admission or implication of liability or fault on the part of Defendants or any other person.

16. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, including Lead Plaintiff's execution of the Stipulation constitutes an admission by Lead Plaintiff: (i) of the lack of any wrongdoing, violation of law, or liability on behalf of any Defendant whatsoever; or (ii) that recovery could not be had in any amount should the action not be settled. Neither the Stipulation, nor any term thereof, may be offered or received into evidence in any proceeding or used in any manner as an admission or concession by Lead Plaintiff that Defendants have not engaged in any wrongdoing or that their conduct was at all times legal and proper.

17. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest, and expenses (including fees and costs of experts and/or consultants) in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

18. Pursuant to 15 U.S.C. §78u-4(c)(1), the Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

19. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

20. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

21. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: 5-12-14

THE HONORABLE WILLIAM J. HAYNES, JR.
UNITED STATES CHIEF DISTRICT JUDGE